No. 21509.

MICHAEL A. COY *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(407 P.2d 345)

Decided November 8, 1965.

JERRY ALAN DONLEY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, hereinafter referred to as the defendant, was found guilty of aggravated robbery and conspiracy to commit that crime. He was sentenced to 25 to 35 years imprisonment on the aggravated robbery count and 5 to 7 years on the conspiracy count. The judgment provided that the conspiracy sentence should run "consecutively with sentence imposed for aggravated robbery."

■ As grounds for reversal of the judgment it is argued that the information is fatally defective in that the affidavit thereto does not contain the name of each of the persons named therein as defendants. The affidavit states that the affiant had personal knowledge that the offense or offenses charged in the information was or were committed. The information contains two counts. It consists of a single page of printed and typewritten matter. The affidavit appears at the bottom of the page immediately following the signature of the district attorney. Each count of the information specifically identifies the persons accused, including the defendant. The affidavit was sufficient to meet the requirements of Rule 7, Colo. R. Crim. P. *Williams v. People,* 157 Colo. 443, 403 P.2d 436.

Before considering other assignments of error a brief statement of the facts, none of which are contradicted in any manner whatever, will be made. On the morning of December 4, 1963, the defendant and two accomplices entered a store known as Furr Foods, in Colorado Springs. They brandished pistols and forced the manager to open cash registers and the safe in the rear of the store. Employees of the food store were at first re-

quired to lie down on the floor and after the cash registers and the safe had been emptied of their currency the employees and the store manager were ordered into the cooler and the door thereto was closed and the "pin was dropped." The bandits left with more than $3,000 in money.

The defendant Coy and one of his accomplices were found by a state patrolman on the highway north of Walsenburg on December 16, 1963. The car they were driving had steam pouring out from beneath the hood and the car was moving slowly. The officer stopped it and a routine check of driver's license, car registration, and license plates led the officer to believe that it had been stolen. He took the men to Walsenburg and during the check made in connection with the suspicion that the car had been stolen the police at Walsenburg were advised that the men were wanted in Colorado Springs. The state patrolman stated that in taking a routine inventory concerning the contents of the car, two guns were found. These guns were shown to witnesses to the robbery who stated that they resembled the weapons which were in the hands of two of the bandits at the time of the robbery. When they were offered in evidence an objection was made that they were obtained in an illegal search of the automobile. The trial court sustained the objection and instructed the jury to disregard any and all evidence given by a witness concerning the identification of the weapons as being similar in appearance to that used in the robbery.

It is argued that the trial court erred in failing to sustain the motion to suppress evidence which was filed by the attorney for the defendant the day before the trial. The argument on this point is that, if a prior determination had been made that the guns were illegally seized, they would not have been seen by the jurors, nor shown to the witnesses, and that the defendant was prejudiced by the fact that the guns were actually seen by the jury and were shown to the witnesses. Even

though they were not admitted in evidence and the jury was instructed to disregard their presence in the courtroom for part of the trial, it is said that the prejudice to defendant was so great as to require a reversal of the judgment. Assuming, without deciding, that the guns were taken in an unreasonable search of the automobile, any reference to them which took place in the presence of the jury could not possibly have prejudiced the defendant under the circumstances shown by the record in this case.

Three witnesses positively identified the defendant as being one of the bandits who held a gun close to the store manager and ordered him to open the cash registers and the safe. An accomplice who helped plan the robbery testified that guns used in the robbery, together with ammunition, were purchased in Albuquerque, New Mexico, a few days before the robbery; that the defendant, and two others, left his home with the guns on the morning of the robbery and returned immediately afterward with the money obtained and that it was then divided among them. He further testified that two of the gray hood sweaters which were worn by the outlaws were thrown away in a countryside ditch by him. The sweaters were found by the police at the point indicated. Not one word of evidence was introduced by the defendant.

There is a vast amount of competent evidence shown by the record concerning the use of guns by the bandits. We cannot give credence to unrealistic assertions. We cannot believe that any member of the jury was without knowledge concerning what a gun looks like, and the fact that jurors saw two guns in the courtroom which the trial court declined to receive in evidence, could not, in our view, possibly have had any effect on a reasonable person serving on the jury.

■ The argument that there was not sufficient evidence to warrant a judgment of guilt upon the charge of aggravated robbery, is without merit. The jury was

given a form of verdict on the question of guilt of simple robbery as well as that of aggravated robbery. There was ample evidence to sustain the verdict which the jury returned. *Ruark v. People,* 157 Colo. 320, 402 P.2d 637.

The guilt of defendant was overwhelmingly established by competent evidence, and the judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.