Jack Thornton **ATKINSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19592.

United States Court of Appeals Eighth Circuit.

Dec. 10, 1969.

**1312**

James H. Harrington, of Woods, Raymond & Raymond, Kansas City, Mo., for appellant and filed brief.

William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee; Calvin K. Hamilton, U. S. Atty., was on the brief with Mr. Kitchen.

Before MATTHES, BLACKMUN and BRIGHT, Circuit Judges.

PER CURIAM.

Jack Thornton Atkinson appeals from an order of the district court which denied his motion made under 28 U.S.C. § 2255 to vacate or reduce his sentence.

In 1965, appellant was convicted on twelve substantive counts of using the mails to defraud in violation of 18 U.S.C. § 1341 and one count alleging conspiracy to use mails to defraud in violation of 18 U.S.C. § 371. At the conclusion of his trial, Atkinson received a sentence totaling seven years, including five-year sentences on each of the ten substantive counts to be served concurrently and two-year sentences on each of the three remaining counts to be served concurrently with each other but consecutive with the five-year sentences.

Pending his appeal, Atkinson elected not to commence service of his sentence pursuant to Fed.R.Crim.P. 38(a) (2) as then in effect. Atkinson, unable to raise the amount of bail specified for release, spent 377 days in local jails before the United States Supreme Court denied certiorari after this court had affirmed his conviction. Atkinson v. United States, 344 F.2d 97 (8th Cir.), cert. denied, 382 U.S. 867, 86 S.Ct. 141, 15 L.Ed.2d 106 (1965).

Petitioner has already served more than five years on his sentence and with maximum "good time" allowances is scheduled for discharge in the fall of 1970. Through these proceedings, Atkinson seeks immediate release from the United States penitentiary at Leavenworth, Kansas. He charges:

(1) That the thirteen-count indictment in effect alleges but one crime for which the penalty under the federal mail fraud statute is limited to five years confinement; and

(2) That he should be credited with the 377 days spent in local confinement since he did not *voluntarily* consent not to serve his sentence under the provisions of the applicable federal rule.

■ Atkinson's first contention is without merit. A separate mailing underlaid each substantive count. Multiple mailings support multiple counts in an indictment. Milam v. United States, 322 F.2d 104, 109–110 (5th Cir. 1963). We so indicated on Atkinson's direct appeal. 344 F.2d at 98. The conspiracy charge, too, stands on a different ground, its gist being an agreement to commit an unlawful act combined with any overt act in furtherance of the agreement. Cave v. United States, 390 F.2d 58 (8th Cir.), cert. denied, 392 U.S. 906, 88 S.Ct. 2059, 20 L.Ed.2d 1365 (1968).

We believe the trial court correctly ruled on this issue in stating:

"Thus, the five year sentence petitioner received on Count 1 and the two year consecutive sentence petitioner received on Count 13 are valid sentences totaling the seven years here in question. Additionally, counts 2 through 12 inclusive charged separate offenses and lend additional support to the seven year total sentences, if any such additional support be needed."

While in county jail awaiting the outcome of his appeal, Atkinson executed a customary written form reciting:

"I * * * elect not to commence service of said sentence.

* * * * * *

I understand * * * I will *not* receive credit on my sentence for the time spent in jail * * * awaiting the outcome of my appeal."

Generally, Fed.R.Crim.P. 38(a) (2), as it existed prior to July 1, 1966, barred a convicted person from obtaining credit for time spent in jail pending disposition of his appeal upon the execution of such an election.[1] See, e. g., United States v. Pruitt, 397 F.2d 502 (7th Cir. 1968); Shelton v. United States, 234 F.2d 132 (5th Cir. 1956); Baker v. United States, 139 F.2d 721 (8th Cir. 1944).

■ Petitioner here sought to avoid the election he executed under Rule 38 (a) (2) as being involuntary and thereby obtain credit for the time he spent in jail. The trial court, after a full evidentiary hearing, found that Atkinson acted freely and voluntarily to serve his personal convenience in remaining near the place of trial rather than commencing service of his penitentiary sentence. Such finding disposes of Atkinson's contention that the trial court was obligated to credit him with all time in confinement pending appeal. See United States v. Lawrenson, 383 F.2d 77 (4th Cir. 1967); Bolden v. Clemmer, 235 F.Supp. 832 (E.D.Va.1964).

Rule 38(a) (2), as amended in 1966,[2] permits the convicted person to remain in the vicinity of his trial or of his appeal under circumstances where he cannot furnish bail without being penalized by not counting that incarceration as credit on his sentence in the event of affirmance. See Notes of Advisory Committee on Rules, 18 U.S.C.A., Fed.R. Crim.P., Rule 38 (1969 pocket part). The amendment serves the salutory purpose of ameliorating elements of discrimination between rich and poor in the administration of criminal justice. See Sobell v. Attorney General of U. S., Dept. of Justice, 400 F.2d 986, 990 (3d Cir.), cert. denied, 393 U.S. 940, 89 S.Ct. 302, 21 L.Ed.2d 277 (1968). *Cf.* North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ The amended rule has been applied retrospectively, in cases where it

1. That rule, as pertinent here, read:
"A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

2. Rule 38(a) (2) now reads:
"A sentence of imprisonment shall be stayed if an appeal is taken and the defendant is admitted to bail. If the defendant is not admitted to bail, the court may recommend to the Attorney General that the defendant be retained at, or transferred to, a place of confinement near the place of trial or the place where his appeal is to be heard, for a period reasonably necessary to permit the defendant to assist in the preparation of his appeal to the court of appeals."

was "just and practicable" to do so, if some aspect of the case was pending on the effective date of the amendment. See Order adopting amendments to Rules of Criminal Procedure, 383 U.S. 1089 (1966); Bujese v. United States, 404 F.2d 615 (3d Cir. 1968); Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967).

Where, as here, no aspect of the case was pending and the court is powerless to apply the amended rule retroactively, the spirit of such rule and its concomitant statute, 18 U.S.C. § 3568, suggests that the administrative agency supervising the petitioner take into consideration the amount of time he spent in jail while his case was pending appeal. See Gibson v. Sard, 129 U.S.App.D.C. 115, 391 F.2d 468 (1967) (semble); Cephus v. United States, 128 U.S.App.D.C. 366, 389 F.2d 317 (1967).

While we affirm, we do so in this case without prejudice to Atkinson's right to seek credit for all or part of his questioned time from the Department of Justice, through its Parole Board.

Affirmed.