No. 24432.

BENJAMIN MACIEL *v.* THE PEOPLE OF THE
STATE OF COLORADO
(469 P.2d 135)

Decided May 18, 1970.

Benjamin Maciel, pro se.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant for defendant in error.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

The defendant is here, pro se, on a writ of error to the District Court of Pueblo County, questioning the constitutionality of the trial court's denial of his motion under Crim. P. 35(a). Rule 35(a) authorizes the court to "correct an illegal sentence at any time."

The sole question to be decided on this review as stated in defendant's brief, is: "IS THE PERIOD DEFENDANT WAS CONFINED IN JAIL PRIOR TO CONVICTION AND SENTENCE A PERIOD OF 'INVOLUNTARY SERVITUDE' IN ABROGATION OF *ARTICLE* 2, *SECTION* 26, CONSTITUTION OF COLORADO AND OF THE DUE PROCESS OF LAW CLAUSE, *14th AMENDMENT*, UNITED STATES CONSTITUTION? SHOULD THE JUDGMENT OF SENTENCE REFLECT THE DEDUCTION OF SAID CONFINEMENT IN JAIL FROM THE SENTENCE IMPOSED BY THE COURT?"

The defendant was arrested on November 16, 1968, on a charge of burglary. He was arraigned and entered a plea of not guilty. Unable to furnish a bond in the amount of $2000 to gain his freedom pending trial, Maciel remained in jail until he was sentenced on April 14, 1969, following his conviction on a plea of guilty.

The defendant was sentenced to serve a term in the penitentiary of not less than five years nor more than

10

eight years He could have been sentenced to "confinement in the penitentiary for a term of not less than one year nor more than ten years." C.R.S. 1963, 40-3-5.

The defendant, in his motion, alleged "That the failure of the Court to enter in the original Judgment of Commitment, credit for the 4 months and 28 days defendant was confined in jail is a denial of equal protection of the law in that a monied defendant in a similar situation as to that of the defendant would be in a position to post bail and be free from confinement during the 4 months and 28 days prior to the imposition of the sentence. * * *"

In other words, argues the defendant, he is required to serve a sentence four months and twenty-eight days longer than would another individual in like circumstances, except for the ability of the other individual to meet the requirements for bail.

In ruling upon the motion for correction of sentence, the trial judge noted that "A presentence investigation was ordered by the Court. Said report disclosed a long prior record of convictions for the defendant. This was his third felony conviction, and at the time of his arrest for the present offense, he was on parole from the Colorado State Penitentiary. "The Court took into consideration all factors in aggravation and mitigation in imposing the sentence, and the sentence was within the limits set by law. The time spent by the defendant in jail awaiting trial was also taken into consideration in the imposition of sentence."

The defendant, by way of rejoinder, contends "* * * the court erred for the reason that nowhere in the record can there be found an affirmative showing of consideration by the court for the time spent in confinement by the defendant prior to sentence.

"Defendant submits that if it was the court's considered judgment to credit him with the time he was confined prior to sentence then the Judgment of Sentence should have reflected such consideration. The original judgment

of sentence being void of an affirmative showing that defendant was given credit for the period of 4 months and 28 days he was confined in the county jail prior to the imposition of sentence, the judgment of sentence is illegal and the Order of the court below should be reversed."

The only authority cited by defendant in support of his position is *Wilson v. Town of Handsboro*, 99 Miss. 252, 54 So. 845. This decision is authority for the proposition that courts have inherent power to correct clerical errors at any time, and to make the judgment *entry* correspond with the judgment *rendered*. The case is not in point. The trial court here, in disposing of the 35(a) motion, reaffirmed the correctness of the original judgment.

Three United States Courts of Appeal have considered the problem presented by the defendant. *Ballard v. United States*, 388 F.2d 607 (5th Cir.); *Dunn v. United States*, 376 F.2d 191 (4th Cir.); *Stapf v. United States*, 125 U.S. App. D.C. 100, 367 F.2d 326. The reasoning of the earliest case, *Stapf v. United States*, was adopted by the two subsequent ones.

To the extent that it bears directly upon the problem before us, we adopt this language from *Stapf*: "Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume that it was given. * * * "

This means that where, as here, the actual sentence imposed plus the time spent in jail prior to sentence do not exceed the maximum sentence which could be imposed, it will be *conclusively presumed* that the sentencing court gave the defendant credit for the presentence time spent in confinement.

The court, in *Stapf*, justified the conclusive presumption rule with this reasoning:

"* * * The problems and expenditure of resources which would be caused by allowing each prisoner to attempt to demonstrate that in his particular case credit was not

given, we feel, outweigh any possible unfairness. \* \* \*"

The court here stated specifically that it took the presentence confinement time into consideration, together with other factors, in determining the sentence; hence, it is not necessary to rely on the presumption.

The judgment is affirmed.