No. 24822.

THE PEOPLE OF THE STATE OF COLORADO v. JOHN ERVIN SCOTT.
(489 P.2d 198)

Decided October 4, 1971.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Special Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. Mac-Farlane, Chief Deputy, Randolph M. Karsh, Deputy, for defendant-appellant.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

John Ervin Scott, hereinafter referred to as the defendant, was arrested on October 6, 1965, and thereafter charged with conspiracy to commit burglary, conspiracy to commit larceny, and larceny. He was convicted of all three offenses and sentenced to concurrent terms of not less than eight and one-half nor more than ten years. The maximum sentence for each of the offenses was ten years. At the time of sentencing, the trial judge stated that the sentences were imposed after giving the defendant full consideration for the time he spent in jail awaiting trial.

The defendant petitioned for amendment of his sentence pursuant to Colo. R. Crim. P. 35 (a) and (b), and

following the denial of his motions by the district court, he brought this appeal. He contends that his sentence should have been reduced by the one hundred thirty-nine days he spent in custody prior to sentencing and by the three hundred seventy-three days he was confined in the county jail pending the outcome of his appeal.

■ Since the defendant was convicted of three separate offenses and was given concurrent sentences, when consecutive sentences could have been imposed, our holding in *People v. Jones*, 176 Colo. 61, 489 P.2d 596, and *People v. Regan*, 176 Colo. 59, 489 P.2d 194, does not require that credit be afforded for the time spent by the defendant in jail before sentencing.

After the defendant was convicted and sentenced, he chose not to commence serving his sentence at the penitentiary. Instead, he remained in custody at the county jail, pursuant to an election provided for by Colo. R. Crim. P. 38(a)(2), which has since been superseded by C.A.R. 8.1(a)(2). He now contends that to deny him credit for the time he spent in custody pending appeal violates rights guaranteed by the Sixth Amendment, the due process clause of the Fourteenth Amendment, and the double jeopardy provisions of the Fifth Amendment.

With the exception of the defendant's claim of double jeopardy, each of the arguments raised by the defendant has been fully considered and rejected in a series of cases which interpreted Fed. R. Crim. P. 38(a)(2), a rule which prior to its amendment in 1966 was identical to Colo. R. Crim. P. 38(a)(2). The cases all hold that a defendant who elects not to commence service of his sentence cannot receive credit for time spent in jail pending disposition of an appeal. *See Atkinson v. United States*, 418 F.2d 1311 (8th Cir. 1969); *Tandler v. Blackwell*, 412 F.2d 780 (5th Cir. 1969); *Sobell v. Attorney General*, 400 F.2d 986 (3rd Cir. 1968); *United States v. Pruitt*, 397 F.2d 502 (7th Cir. 1968); *Leyvas v. United States*, 371 F.2d 714 (9th Cir. 1967); *Tilghman v. Hunter*, 168 F.2d 946 (10th Cir. 1948). *See also* 8A *Moore's Fed-*

*eral Practice* ¶38.01 (3) (2d ed. 1970); 2 *Wright, Federal Practice and Procedure* §632 (1969); and 4 *Barron, Federal Practice and Procedure* §2351 (1951).

The defendant premises his claim of double jeopardy on the recent case of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). He reasons that the practice of allowing a defendant to remain in jail without credit on the ground that it is "dead time" is to ignore the reality of incarceration and exact additional punishment for the same offense.

 It is clear that the Fifth Amendment guarantee against double jeopardy protects against multiple punishment for the same offense. *Ex parte Lange,* 18 Wall 163, 21 L.Ed. 872 (1874). Furthermore, the Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Had the defendant's sentence been automatically stayed pending his appeal, we might well have decided that the constitutional provision against double jeopardy required the defendant be credited with jail time. Here, however, the defendant of his own volition and with the advice of counsel chose not to commence sentence, and in no way was such an election essential to his appeal. Moreover, after his motion for release on bail pending appeal was denied, he remained by choice in the county jail until such time as he petitioned the court to terminate the order so that he could commence his sentence.

Recognition of the shortcomings of Fed. R. Crim. P. 38 (a) (2) led to its amendment in 1966. Presently, if a defendant is not released, on bail or otherwise, there is no stay, and the sentence begins to run automatically. Furthermore, the court may recommend to the Attorney General that a defendant not admitted to bail pending appeal be confined reasonably near the place of trial or the place where the appeal is to be heard for a reasonable time to permit the defendant to assist in the preparation

of his appeal. Although the new Federal Rule has not been adopted in Colorado, some of the salutary aspects of the rule have been incorporated in C.A.R. 8.1(a)(2). Under the new Colorado Rule, the possibility of "dead time" on appeal has now been limited to a maximum of sixty days. The election under the rule is the product of the defendant's own volition, and once the choice has been made, the defendant is bound by his election.

Judgment affirmed.