No. 24816.

THE PEOPLE OF THE STATE OF COLORADO *v.*
CHARLES BENNETT TAYLOR.

No. 25140.

THE PEOPLE OF THE STATE OF COLORADO *v.*
CARVEL GREGORY PULS, A/K/A GREG PULS.
(489 P.2d 323)

Decided October 4, 1971.    Rehearing in No. 24816 denied October 26, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, THOMAS M. VAN CLEAVE, III, Deputy, for defendant-appellant.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, RICHARD G. MCMANUS, JR., Assistant, GEORGE E. DEROOS, Assistant, for plaintiff-appellee.

CARVEL GREGORY PULS, A/K/A GREG PULS, *pro se.*

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

PURSUANT to Crim. P. 35 (a) and (b), petitioners Taylor and Puls sought amendment of their sentences in the district court and then appealed to this Court when relief was not granted. We consolidated the cases for argument, because each of these cases raises the same issue.[1] The defendants in all three cases have attempted to force the trial court to grant credit for time spent by them in a county jail prior to the imposition of sentence.

Charles Bennett Taylor was convicted of robbery and conspiracy to commit robbery. Following his conviction, he was granted probation. He elected not to comply with his probation, and probation was revoked. He was then sentenced to four to seven years in the Colorado State Penitentiary on each of the charges, with the sentences to run concurrently. At the time his motion for post-conviction relief was heard, it was determined that he was originally arrested on May 4, 1965. The court at that time set bond at $10,000, in view of the extensive criminal background of the defendant, and even the defendant does not question that the bail bond which was set by the court was reasonable under all the circumstances. The defendant was unable to make this bond and remained in custody until April 1966. The record is unclear as to whether the defendant served a thirty or a sixty day sentence in the Denver county jail during this period of time for offenses that are not here involved. He, therefore, has tempered his request for relief by asking for only nine and one-half months' credit on the sentences that were imposed by the court.

Carvel Gregory Puls is serving a sentence of not less than three years nor more than five years in the penitentiary for the crime of conspiracy to commit murder. Before sentence was finally imposed, he served 385 days in the county jail.

The records before us reflect that the defendants

---

[1] A third case, *People v. Jones*, 176 Colo. 61, 489 P.2d 596, was also consolidated for oral argument and is the subject of a separate opinion.

were sentenced by their respective trial judges after the judges were advised of the time that the defendants had spent in jail before sentence was imposed. Each of these defendants was advised by the trial judge at the time sentence was imposed that the time he spent in custody was taken into consideration in determining his sentence. Furthermore, in each case, the sentence imposed, plus the time spent in custody, was far less than the maximum penalty prescribed by law. Under these circumstances, the appeals of the petitioners Taylor and Puls, in the light of *Maciel v. People,* 172 Colo. 8, 469 P.2d 135 (1970), are without merit. *See also Ballard v. United States,* 388 F.2d 607 (5th Cir. 1968); *Dunn v. United States,* 376 F.2d 191 (4th Cir. 1967); and *Stapf v. United States,* 125 U.S. App.D.C. 100, 367 F.2d 326 (1966).

Therefore, we affirm the judgment of the trial court and uphold the sentence imposed against both the defendants Taylor and Puls.