No. 24786.

THE PEOPLE OF THE STATE OF COLORADO
*v.* ROBERT EUGENE MIEYR.
(489 P.2d 327)

Decided October 4, 1971. Rehearing denied October 26, 1971.

James D. McKevitt, District Attorney, Gregory A. Mueller, Assistant, Jarvis W. Seccombe, Chief Deputy, Thomas P. Casey, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. Mac-Farlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellee.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

The defendant, Robert Eugene Mieyr, filed motions seeking relief under the provisions of Crim. P. 35 (a) and (b) and thereby obtained credit for one hundred days' time that he had served in the county jail before he plead guilty and was sentenced. The People have appealed the trial court's decision.

Mieyr was arrested on June 17, 1967, and charged with burglary and conspiracy to commit burglary. Bail was set at $7,500, and the Public Defender was assigned to represent him. On August 16, 1967, a third count charging assault with a deadly weapon was filed, and the defendant was rearraigned and entered a plea of guilty to the charge of assault with a deadly weapon. The plea of guilty resulted from a plea bargain, and pursuant to the plea agreement, the District Attorney then dismissed all remaining charges. Thereafter, the defendant was sentenced to imprisonment in the Colorado State Penitentiary for a term of two to five years. Since five years was the maximum sentence which could be imposed, the defendant, in the vernacular of the penitentiary, claims that no credit was given on the "long end" of the sentence. The defendant, after he was confined in the

penitentiary, sought post-conviction relief on the grounds that he was not given credit for the period of time that he was incarcerated in the Denver county jail awaiting trial and sentence. He predicated his claim for relief on the double jeopardy clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment to the United States Constitution. Comparable constitutional safeguards against double jeopardy are provided by our Colorado Constitution. Colo. Const., art. II, §18. The defendant claims that equality of justice under our Colorado Constitution is also in issue. Colo. Const., art. II, §6.

When the defendant was granted credit by the court for jail time which he served prior to the imposition of sentence, the court looked to *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and held that time spent in custody prior to sentence is double punishment if credit is not allowed for presentence imprisonment. The judge, at the post-conviction hearing, stated that from a practical standpoint the time spent in custody under a void sentence was no different than time spent in custody prior to the imposition of sentence. He then turned to the equal protection clause and concluded that the failure to grant a defendant credit for the time he spent in custody because of inability to make bond subjects the indigent defendant to different treatment than that which would be afforded to a person who could make bail. He, therefore, concluded that the sentence was illegal and erroneous and that the defendant should be credited with the one hundred days which he served prior to the imposition of sentence. The District Attorney appealed the decision.

 We are of the opinion that the trial court erred in its application of the law to the facts in this case. We examined the issues raised in this case in a series of cases. *See People v. Jones,* 176 Colo. 61, 489 P.2d 596. *See also People v. Taylor* and *People v. Puls,* 176 Colo.

71, 489 P.2d 323; *Maciel v. People,* 172 Colo. 8, 469 P.2d 135 (1970).

Here, the defendant stood before the court charged with a series of offenses, and through the efforts of his counsel, he was able to have the more serious charges dismissed in exchange for his plea to a lesser charge. The court was apprised of the fact that a plea bargain had been entered into, and the defendant entered his plea after he was advised that he could receive any sentence that fell within the statutory limits. Moreover, the charge which was the subject of the plea bargain was not the basis of the defendant's presentence confinement. No question exists as to the fact that Colo. R. Crim. P. 11 was fully complied with and the voluntariness of the plea is not an issue. The defendant entered into a plea agreement, and he, as well as the District Attorney, stands bound by the terms of the agreement. No promises were made at the time of the plea agreement was entered into or when sentence was imposed. The trial judge did not indicate that he was giving the defendant credit for his jail time, and by his silence we conclude that he had no intention of allowing the defendant to benefit beyond his plea bargain. The trial court was well aware of the time that had been served before sentence was imposed. Therefore, since the sentence was within statutory limits and did not infringe upon the defendant's constitutional rights, we conclude that the trial court erred in granting relief under Crim. P. 35 (a) and (b).

Accordingly, we reverse the ruling of the trial court and direct that the original sentence be reinstated.