No. 25498

**The People of the State of Colorado v. Michael A. Coy**

(509 P.2d 1239)

Decided May 14, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Michael A. Coy, pro se.

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal from the denial of defendant Coy's motion to correct his sentence by allowing credit for 5 months and 7 days of pre-sentence jail time. Crim. P. 35(a). The defendant was convicted of (1) aggravated robbery, C.R.S. 1963, 40-5-1(2)(a) and (2) conspiracy to commit aggravated robbery, C.R.S. 1963, 40-7-35, and sentenced to the penitentiary for (1) 25 to 35 years and (2) 5 to 7 years, respectively, the sentences to run consecutively. (Judgment affirmed in *Coy v. People,* 158 Colo. 437, 407 P.2d 345 (1965).)

In his motion defendant alleges:

"2. That in *People v. Jones,* No. 24967, decided by the Supreme Court of Colorado on the 4th day of October, 1971, at page 11 of the opinion, the Court said:

'Trial judges would be well advised to follow the practice of causing the actual time spent by the defendant in jail prior to the imposition of sentence to be reflected in the record at the time sentence is imposed. A well prepared mittimus should also reflect the time spent in custody prior to the imposition of sentence and should direct that credit be allowed for the time spent in custody prior to imposition of sentence . . . .' "

The judge in ruling on the motion pointed out that at the time of sentencing, the trial judge (no longer a member of the court) made no statement or reference to the time defendant spent in the county jail, nor did either counsel.

Here the defendant could have been sentenced to the penitentiary under C.R.S. 1963, 40-5-1(2)(a) (aggravated robbery) for a term of not less than two years, or for life; and under C.R.S. 1963, 40-7-35 (conspiracy) for a term of not less than one year, nor more than ten years.

The sentence, which the defendant received, being within the statutory limits, and the court having made no statement in reference to credit, the sentence was and is proper. Under *People v. Jones,* 176 Colo. 61, 489 P.2d 596 (1971), the defendant is not entitled to relief as a matter of

right, since there is no constitutional right to credit. *See also Maciel v. People,* 172 Colo. 8, 469 P.2d 135 (1970); *cf. People v. Taylor,* 176 Colo. 71, 489 P.2d 323 (1971); and *People v. Puls,* 176 Colo. 71, 489 P.2d 323 (1971); (where the sentencing judge advised defendant pre-sentence jail time was being taken into consideration).

The judgment is affirmed.

MR. JUSTICE DAY does not participate.