ties to carry out the contact visitation program. *See* C.R.C.P. 58(a)(2). We hold that it is.

We have previously held that a decision entered on the minutes is effective as a judgment. *Jones v. Galbasini*, 134 Colo. 64, 299 P.2d 503 (1956). Despite this fact, petitioner contends that the trial court's failure to restate the approved regulations in a written order somehow permits the county authorities to ignore the regulations and, in turn, the mandate of *Wesson*, without fear of possible contempt sanctions. This contention is without merit.

Both parties attended the hearing of February 22 and therefore knew and understood the substantive content of the decision represented by the minute order. It follows, legally as well as logically, that the county authorities must be considered bound to implement the amended contact visitation program approved therein. We think it significant to add that, from the record before us, it appears that the program is indeed being faithfully executed.

Accordingly, we are of the opinion that the respondent court has properly carried out the mandate of this court as announced in the *Wesson* case. We therefore discharge the rule as improvidently issued.

Fidel A. PEREA, Petitioner,

v.

The DISTRICT COURT In and For the SIXTH JUDICIAL DISTRICT, and Oakley Wade, one of the Judges thereof, Respondents.

No. 79SA487.

Supreme Court of Colorado,
En Banc.

Dec. 17, 1979.

Rehearing Denied Dec. 24, 1979.

J. Gregory Walta, Colorado State Public Defender, Harvey Palefsky, Deputy State Public Defender, Denver, for petitioner.

Craig S. Westberg, Dist. Atty., Sixth Judicial Dist., Durango, for respondents.

ERICKSON, Justice.

Fidel A. Perea petitioned for a writ of mandamus to compel the district court to grant him credit for 101 days presentence confinement time. We issued a rule to show cause and now discharge that rule.

Perea was arrested and charged with first and second-degree assault. Sections 18–3–202, 203, C.R.S.1973 (now in 1978 Repl. Vol. 8). Because he was indigent and unable to make bail, Perea was incarcerated for a period of 101 days prior to the imposition of a jail sentence. At trial Perea was convicted of the lesser included offense of reckless endangerment. Section 18–3–208, C.R.S.1973 (now in 1978 Repl. Vol. 8). The crime of reckless endangerment provides for a maximum period of incarceration of six months and does not permit the imposition of the longer jail sentences set forth in the assault statutes. Section 18–1–106, C.R.S.1973 (now in 1978 Repl. Vol. 8).

When Perea was sentenced, he requested that he be given credit for 101 days of

presentence confinement. The trial judge refused the request on the ground that granting credit for presentence confinement was within his discretion and was not a matter of right. Section 16–11–306, C.R.S.1973 (now in 1978 Repl. Vol. 8). The maximum sentence of six months was imposed on Perea with no credit for presentence confinement.

In *People v. Martinez*, 192 Colo. 388, 559 P.2d 228 (1977). We recognized that there is no constitutional right to credit for presentence confinement. *See People v. Johnson*, 185 Colo. 285, 523 P.2d 1403 (1974); *People v. Nelson*, 182 Colo. 1, 510 P.2d 441 (1973); *People v. Coy*, 181 Colo. 393, 509 P.2d 1239 (1973); *People v. Scott*, 176 Colo. 86, 489 P.2d 198 (1971); *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971). In the absence of statutory authority to the contrary, the trial judge is not required to grant credit for presentence incarceration.

Section 16–11–306(3), C.R.S.1973 (1978 Supp.) provides:

"If the maximum sentence imposed is longer than the statutory maximum for the offense less the amount of allowable presentence confinement, it shall be presumed that the judge did not consider the presentence confinement."

That statute requires an initial presumption that the judge did not consider the period of presentence confinement where the total period of confinement exceeds the statutory maximum.[1] Here the record shows that the trial judge recognized the presentence confinement and determined that credit should not be given. His recognition, as shown in the record, clearly rebuts the statutory presumption.

Accordingly, the rule is discharged.

DUBOFSKY, J., dissents.

DUBOFSKY, Justice, dissenting:

I respectfully dissent.

Credit for presentence confinement in the circumstances of this case is a matter of constitutional right, and the defendant's request for credit should have been granted by the trial court.

When, as here, a defendant is incarcerated before sentence because he cannot afford bail and, subsequently, he receives a maximum sentence without credit for his presentence confinement, he is serving a sentence which a richer person would not serve. This violates the basic principle enunciated in *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). There, the United States Supreme Court held that a class of people could not be subject to a conviction beyond the statutory maximum solely on the basis of indigency. *See also Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).

The basic premise of these cases is that the burden of incarceration falls disproportionately upon the indigent, violating equal protection. *Anglin v. State*, 90 Nev. 287, 525 P.2d 34 (1974); *In re Young*, 32 Cal. App.3d 68, 107 Cal.Rptr. 915 (1973); *Ham v. North Carolina*, 471 F.2d 406 (4th Cir. 1973); *King v. Wyrick*, 516 F.2d 321 (8th Cir. 1975); *Johnson v. Prast*, 548 F.2d 699 (7th Cir. 1977). To prevent disproportionate sentences served by indigents, credit for time served should be given in all cases where there is presentence incarceration for failure to make bond. *King v. Wyrick, supra; Johnson v. Prast, supra.*

Therefore, I would make the rule absolute and remand the case to the district court to grant credit for presentence confinement.

---

1. The general assembly has recently amended section 16–11–306, C.R.S.1973 to provide credit for presentence confinement:

"*Credit for presentence confinement.* A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted from the sentence by the department of corrections."

Colo. Session Laws 1979, Ch. 157, 16–11–306 at 665. That section, however, does not apply to offenses committed prior to July 1, 1979, and is not applicable in this case.