656 P.2d 1283 (1982)
Bernard C. CASTRO, Jr., Petitioner,
v.
The DISTRICT COURT OF the TENTH JUDICIAL DISTRICT and the Honorable Richard D. Robb, One of the Judges Thereof, Respondents.
No. 82SA412.
Supreme Court of Colorado, En Banc.
December 20, 1982.
Rehearing Denied January 31, 1983.
David F. Vela, Colorado State Public Defender, Alex J. Martinez, Deputy State Public Defender, Pueblo, for petitioner.
G.F. Sandstrom, Dist. Atty., Patrick J. Delaney, Deputy Dist. Atty., Pueblo, for respondents.
DUBOFSKY, Justice.
The petitioner Bernard C. Castro, Jr. brought this original proceeding under C.A.R. 21 seeking relief in the nature of mandamus. We issued a rule to show cause why the respondent district court of the Tenth Judicial District had not exceeded its jurisdiction in ordering that the petitioner's sentence to county jail exclude credit for time spent in pre-sentence confinement. Because we conclude that it was within the respondent court's discretion whether to credit time spent in pre-sentence confinement when the petitioner was sentenced to county jail, we discharge the rule.
Castro was arrested on November 20, 1981, and held in the Pueblo county jail until he was charged by information with second degree murder on December 3, 1981. He did not post bond, and on July 16, 1982, a jury found him guilty of criminally negligent homicide, a class 1 misdemeanor, under section 18-3-105, C.R.S.1973 (1978 Repl. Vol. 8). At the sentencing hearing on August 30, 1982, counsel for Castro requested that the mittimus reflect 284 days of pre-sentence confinement. The respondent court considered the background of the defendant and the facts and circumstances of the offense and imposed the maximum sentence of 24 months for a class 1 misdemeanor, ordered the defendant to serve the sentence in the Pueblo county jail, and directed that the defendant not be given credit for the time from November 20, 1981 until August 30, 1982 spent in pre-sentence incarceration. The judge indicated that had he sentenced Castro to a correctional facility under the supervision of the Department of Corrections he would have made a finding of the amount of pre-sentence confinement to which Castro was entitled. However, he noted that there is no statutory requirement that a person sentenced to a county jail be credited with pre-sentence confinement and no requirement that the sheriff deduct the time spent in pre-sentence confinement from an inmate's sentence.
Castro contends that the respondent court exceeded its jurisdiction by refusing to follow section 16-11-306, C.R.S.1973 (1978 Repl.Vol. 8) (1982 Supp.) requiring the sentencing court to make a finding of the amount of pre-sentence confinement to which he was entitled and including the finding in the mittimus directing the sheriff *1284 to convey him to the county jail.[1] We disagree. Section 16-11-306 does not mandate a sentencing judge to credit a defendant with time spent in pre-sentence confinement when the sentence is to a county jail.
Section 16-11-306 provides:
A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted from the sentence by the department of corrections.
This provision appears in part 3 of Article 11 of Chapter 16 concerning sentences to imprisonment in a state correctional facility under the supervision of the Department of Corrections.[2] Although section 16-11-306 does not specifically limit its application to sentences to a correctional facility, the language requiring the Department of Corrections to deduct the pre-sentence confinement from the sentence implies that credit for pre-sentence confinement is mandated only when the sentence is to be served in a state correctional facility. Pueblo county jail is not a correctional facility under the supervision of the Department of Corrections. Sentences to the Pueblo county jail are governed by the requirements in section 17-26-101, et seq., C.R.S.1973 (1978 Repl. Vol. 8) (1982 Supp.). There is nothing in section 17-26-101, et seq. mandating the deduction of the period of pre-sentence confinement from a sentence to a county jail.
Castro, age 19 at the time of his sentence, was eligible for a sentence to a state correctional facility under section 16-11-301(2), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Supp.) which provides that a defendant convicted of a crime which may be punished by imprisonment in a county jail may be sentenced to a correctional facility other than the penitentiary at Canon City if, at the time of sentencing, the defendant is between the ages of 16 and 21 and "if, in the opinion of the court, rehabilitation of the person convicted can best be obtained by such a sentence, and if it also appears to the court that the best interests of the person and of the public and the ends of justice would thereby be served." The respondent court had discretion to sentence Castro to the Pueblo county jail. The court considered Castro's pre-sentence confinement and determined not to give him credit for it under section 16-11-306 because Castro's sentence was to a county jail. The court acted within its discretion in determining that it was not bound by the mandatory credit for pre-sentence confinement in section 16-11-306.[3]
Rule discharged.
*1285 QUINN, J., dissents.
LOHR, J., does not participate.
QUINN, Justice, dissenting:
In denying the petitioner credit for 284 days of presentence confinement against a two year sentence to the county jail, the respondent court construed section 16-11-306, C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.), to require credit only in the case of offenders sentenced to a correctional facility supervised by the department of corrections. The petitioner does not claim the respondent court's refusal to grant him credit violates equal protection of the laws, U.S. Const.Amend. XIV; Colo. Const. Art. II, Sec. 25, but instead argues for a statutory construction that requires presentence confinement credit on all sentences, whether to a correctional facility supervised by the department of corrections or to a county jail. I believe the majority's rejection of petitioner's argument and its upholding of the respondent court's denial of credit places upon section 16-11-306 a construction which necessarily implicates equal protection considerations, notwithstanding the failure of the petitioner to raise an equal protection issue. Because I believe the majority's construction cannot be squared with equal protection of the laws, I respectfully dissent.
The majority's construction of section 16-11-306 results in granting a sentencing judge discretion to deny credit for presentence confinement when, as here, the presentence confinement was caused by the petitioner's financial inability to post pretrial bail. Such a construction adds up to a discrimination based upon wealth and is irreconcilable with equal protection of the laws. See, e.g., Matthews v. Dees, 579 F.2d 929 (5th Cir.1978); Johnson v. Prast, 548 F.2d 699 (7th Cir.1977); King v. Wyrick, 516 F.2d 321 (8th Cir.1975); Ham v. North Carolina, 471 F.2d 406 (4th Cir.1973); United States v. Gaines, 449 F.2d 143 (2d Cir. 1971), vacated and remanded for reconsideration, 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428 (1971); Godbold v. Wilson, 518 F.Supp. 1265 (D.Colo.1981); Godbold v. District Court, 623 P.2d 862 (Colo.1981) (Quinn, J., dissenting); Perea v. District Court, 199 Colo. 27, 604 P.2d 25 (1979) (Dubofsky, J., dissenting). The majority's construction also permits a sentencing judge to discriminate in the matter of presentence confinement between a class of offenders sentenced to a county jail and a class of offenders sentenced to a correctional facility supervised by the department of corrections, even though the offenders in both classes are sentenced for the same crime. The resulting statutory classification implicit in this construction cannot be supported, in my opinion, even under the "rational basis standard" of equal protection analysis.
In enacting a statute it is presumed that the legislature not only intended to comply "with the constitutions of the state of Colorado and the United States," section 2-4-201(1)(a), C.R.S.1973, but also intended "[a] just and reasonable result," section 2-4-201(1)(c). As the facts of this case demonstrate, the respondent court's denial of presentence confinement will cause the petitioner to serve a total period of confinement far in excess of the maximum penalty authorized by law for the crime of which he was convicted. This anomaly, in my view, is the antithesis of the "just and reasonable result" that we must presume the legislature intended to achieve by section 16-11-306.
To avoid breathing life to this discriminatory scheme, which I believe the legislature never intended to create, I would construe section 16-11-306 in a manner that avoids any implication of constitutional infirmity. The statute readily lends itself to such a construction. The first sentence of section 16-11-306 states unequivocally that "[a] person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement." I read this sentence as an unconditional grant of entitlement to presentence confinement, regardless of whether the offender is sentenced to the county jail or to some other correctional facility. The next sentence of section 16-11-306 requires the court to *1286 "make a finding of the amount of presentence confinement to which the offender is entitled" and to "include such finding in the mittimus." This sentence also is consistent with a legislative intent to create an entitlement to presentence confinement, unconditioned by the fortuity of the particular institution to which the offender is sentenced.
The last sentence of section 16-11-306, upon which the majority turns its decision, states as follows: "Such period of confinement shall be deducted from the sentence by the department of corrections." I read this sentence as nothing more than a direction to the department of corrections to properly calculate, in accordance with the mittimus, the release date of an offender sentenced to a correctional facility under the department's supervision. Such ministerial direction is understandable in light of the statutory scheme on sentencing. A person sentenced to a correctional facility, as distinguished from a county jail, is deemed to be in the custody of the executive director of the department of corrections, section 16-11-308(1), C.R.S.1973 (1978 Repl. Vol. 8, 1982 Supp.), and may be transferred to "any state institution or treatment facility under the jurisdiction of or approved by the department ....", section 16-11-309(5), C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.). The duties which the second and third sentence of section 16-11-306 impose upon the sentencing court and the department of corrections with respect to presentence confinement have the effect of eliminating the possibility of divergent interpretations of a mittimus by supervisors of different correctional facilities where the offender may be transferred during the term of his sentence. Issues relating to whether and how much credit was intended by the sentencing judge are now resolved by simply reading the mittimus and subtracting the amount of the pre-sentence confinement noted therein from the term of the sentence. Moreover, a person sentenced to the department of corrections has the opportunity to earn "good time" and "earned time" deductions from his sentence. Sections 17-22.5-101 and 17-22.5-102, C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.). By requiring the department of corrections to subtract the presentence confinement from the original sentence, the legislature assured that the remainder of the offender's sentence, not the original sentence, would be the base against which "good time" and "earned time" credits would be deducted. No similar statutory program of "good time" and "earned time" credits exists for persons sentenced to county jail.[1] Given the unique features associated with a sentence to the department of corrections, I do not view the failure of section 16-11-306 to require the county sheriff or other supervisor of the county jail to deduct the good time credit from the sentence as reflective of a legislative intent to deny the right to credit for misdemeanants sentenced to a county jail.
The petitioner's right to credit for presentence confinement in this case becomes more compelling when one considers section 16-11-302.5, C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.). This section states that a person sentenced for a misdemeanor to the department of corrections "shall be entitled to the same time credits as if he were sentenced to a term of imprisonment for a felony." Finally, section 16-11-307(1)(b), C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.), must not be overlooked in an effort to divine legislative intent in the matter of presentence confinement credit. This section creates a statutory entitlement to that period of confinement served under a stay of execution of a sentence pending disposition *1287 of an appeal, "even though the defendant could have elected to commence serving his sentence before disposition of his appeal." It makes no sense to me that the legislature would withhold from an offender sentenced to county jail credit for presentence confinement, but simultaneously grant an offender sentenced to a correctional facility credit for both presentence confinement and county jail confinement pending disposition of his appeal.
Because I believe the district court exceeded its jurisdiction in denying the petitioner credit for 284 days of presentence confinement against his maximum sentence of twenty-four months to the county jail, I would make the rule absolute.
NOTES
[1] Castro does not contend that the court's failure to credit his sentence to county jail with time spent in pre-sentence confinement violated his constitutional guarantee of equal protection of the laws or that his sentence exceeded the maximum allowed for conviction of a class 1 misdemeanor under section 18-1-106, C.R.S. 1973 (1978 Repl.Vol. 8) (1982 Supp.). See People v. Dennis, 649 P.2d 321 (Colo.1982); People v. White, 623 P.2d 868 (1981); Godbold v. District Court, 623 P.2d 862 (Colo.1981); Perea v. District Court, 199 Colo. 27, 604 P.2d 25 (1979); People v. Martinez, 192 Colo. 388, 559 P.2d 228 (1977); People v. Reed, 190 Colo. 517, 549 P.2d 1086 (1976); People v. Nelson, 182 Colo. 1, 510 P.2d 441 (1973); Larkin v. People, 177 Colo. 156, 493 P.2d 1 (1972); People v. Jones, 176 Colo. 61, 489 P.2d 596 (1971); People v. Mieyr, 176 Colo. 90, 489 P.2d 327 (1971); People v. Puls, 176 Colo. 71, 489 P.2d 323 (1971); People v. Scott, 176 Colo. 86, 489 P.2d 198 (1971); People v. Regan, 176 Colo. 59, 489 P.2d 194 (1971); Maciel v. People, 172 Colo. 8, 469 P.2d 135 (1970). But see Godbold v. Wilson, 518 F.Supp. 1265 (D.Colo.1981); Godbold v. District Court, supra (Quinn, J. dissenting); Perea v. District Court, supra (Dubofsky, J. dissenting). See also section 16-11-302.5, C.R.S.1973 (1978 Repl.Vol. 8) (1982 Supp.).
[2] Sub-sections 17-1-102(1) and (2), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Supp.) define "correctional facility" as "any facility under the supervision of the department in which persons are or may be lawfully held in custody as a result of conviction of a crime," and "department" as "the department of corrections."
[3] We do not rule here that a sentencing court is without discretion to grant credit for pre-sentence confinement on a sentence to county jail.
[1] Although some limited good time credit is allowed for persons sentenced to a county jail, sections 17-26-109 and 17-26-115, C.R.S.1973 (1978 Repl.Vol. 8), the statutory scheme for credit available to county jail inmates is not nearly as elaborate as the "good time" and "earned time" provisions applicable to persons sentenced to the department of corrections. Furthermore, in contrast to correctional facility sentences, there are no statutory parole provisions for persons sentenced to a county jail. The "good time" and "earned time" statutes applicable to sentences to the department of corrections contain vesting provisions which affect the eligibility date of an inmate for parole. Sections 17-22.5-101 and 17-22.5-102(3), C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.).