**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Elton M. Rossignol LACHICOTTE, Defendant-Appellant.**

**No. 84CA0724.**

Colorado Court of Appeals, Div. III.

Oct. 31, 1985.

Rehearing Denied Dec. 12, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Schwall & Lynch, Thomas E. Lynch, Steamboat Springs, for defendant-appellant.

BERMAN, Judge.

After entering a guilty plea to criminal impersonation, § 18–5–113, C.R.S. (1978 Repl.Vol. 8), a class five felony, defendant, Elton M. Rossignol Lachicotte, was sentenced to four years confinement in a community corrections facility, plus one year of parole. The sentence exceeded the presumptive range for a class five felony, one to two years plus one year of parole, but was within the range of sentence which the court may impose upon a finding of extraordinary aggravating circumstances. See § 18–1–105, C.R.S. (1984 Cum.Supp.). Defendant appeals the sentence contending that the trial court erred in failing to make specific findings of extraordinary aggravating circumstances and in denying her the right of allocution. We agree and, therefore, vacate the sentence.

The People concede that the trial court failed to make the findings of extraordinary aggravating circumstances required under § 18–1–105(6) and (7), C.R.S. (1984 Cum.Supp.). See People v. Watkins, 200 Colo. 163, 613 P.2d 633 (1980). The People further concede that defendant was improperly denied the right to make a statement on her own behalf prior to sentencing as required by § 16–11–102(5), C.R.S. (1984 Cum.Supp.) and Crim.P. 32(b). Accordingly, the case must be remanded for resentencing.

Because defendant's final contention may arise again on remand, we address it here. Defendant contends that the trial court erred in denying her credit for pre-sentence confinement.

Section 16–11–306, C.R.S. (1984 Cum.Supp.) provides for credit for pre-sentence confinement when the sentence is to be served in a state correctional facility. However, if the defendant is sentenced to confinement in a facility not under the supervision of the Department of Corrections, it is within the discretion of the trial court whether to give the defendant credit for pre-sentence confinement. See Castro v. District Court of Tenth Judicial District, 656 P.2d 1283 (Colo.1982).

Under § 17–27–102(1), C.R.S. (1978 Repl.Vol. 8) the term "community correction facility" refers both to facilities operated by the Department of Corrections and to facilities operated by local governmental

units, private non-profit agencies, or other institutions. Only when the community correction facility is operated by the Department of Corrections is the trial court required to give the defendant credit for pre-sentence confinement. *See Castro, supra.* Accordingly, if on remand defendant is sentenced to a community corrections facility, the trial court must make findings as to the entity operating such facility if defendant is denied credit for pre-sentence confinement.

The sentence is vacated and the cause is remanded for resentencing in accordance with the views expressed herein.

TURSI and METZGER, JJ., concur.