**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Willie W. JOHNSON,**
**Defendant–Appellant.**

**No. 88CA0102.**

Colorado Court of Appeals,
Div. V.

May 4, 1989.

As Modified on Denial of
Rehearing June 8, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Lawrence J. Schulman, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, Willie W. Johnson, appeals from the denial of his Crim.P. 35 motion to have certain pre-sentence confinement time credited against the sentence imposed in connection with his conviction of robbery. We reverse.

Defendant was arrested and held to answer to two charges—forcible rape and aggravated robbery. Although the two charges were based on separate incidents, and each was the subject of a separate indictment, they were both disposed of by a common plea bargain and sentencing hearing. Defendant pleaded guilty to third degree sexual assault, a misdemeanor, and simple robbery, a class 4 felony. He was sentenced to 18 months in the county jail on the sexual assault conviction, and to 11 years in the custody of the department of corrections on the robbery conviction, the felony sentence to be served consecutive to the misdemeanor sentence.

At the time of sentencing, the court credited the 224 days of pre-sentence confinement that defendant had served against the sentence imposed on the misdemeanor conviction, and it refused to give defendant

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

any credit for such confinement against the felony sentence. Further, in response to defendant's motion for postconviction relief, the court concluded that the pertinent statute vested it with discretion to credit either the felony or the misdemeanor sentence with the time defendant was confined on the charges prior to conviction and sentence.

▮ Defendant claims, however, that the pertinent statute vests no discretion in the trial court, but mandates that the full length of his presentence confinement be credited against his sentence to the custody of the Department of Corrections. Under the circumstances portrayed by this record, we agree.

Section 16–11–306, C.R.S. (1986 Repl.Vol. 8A) provides that a person who is confined for an offense prior to the imposition of sentence for that offense is entitled to a credit against the term of his sentence for the entire period of such confinement.

Although the statute does not specifically limit its applicability to sentences to a state correctional facility, the language requiring the department of corrections to deduct the period of pre-sentence confinement from the sentence implies that credit for pre-sentence confinement is mandated only when the sentence is to be served in a state correctional facility. *Castro v. District Court,* 656 P.2d 1283 (Colo.1982). And, while the pertinent statute has been amended since the date of the *Castro* decision, § 16–11–306, C.R.S. (1988 Cum.Supp.), we view that amendment as having no effect upon the *Castro* analysis.

In *Castro,* the Supreme Court concluded that the statute was not applicable to misdemeanor sentences. Thus, a trial court is not statutorily required to give any pre-sentence confinement credits against any misdemeanor sentence. However, a sentencing court may, in the exercise of its discretion, credit the length of any presentence confinement against a misdemeanor sentence. *Castro v. District Court, supra.*

▮ It is to be noted, however, that *Castro* involved only a single misdemeanor sentence. Here, in contrast, the court imposed both a felony sentence to which § 16–11–306 was concededly applicable and a misdemeanor sentence to which the statute did not apply. Under these circumstances, the discretion which the court might otherwise have exercised did not exist; the court was required to credit the pre-sentence confinement time against the sentence imposed upon defendant for his conviction of the felony.

The General Assembly has the prerogative to define crimes and to prescribe punishments, and a court cannot improperly circumvent legislative dictates without invading the legislature's exclusive province. *People v. Hinchman,* 196 Colo. 526, 589 P.2d 917 (1978), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979). Indeed, a legislatively-established condition upon sentencing may be viewed as a jurisdictional limitation. *See People v. Hinchman, supra.*

Here, since the trial court's action in refusing to give defendant the proper credit against his felony sentence thwarted the legislative will, we cannot say that that action constituted mere harmless error. Not only can we not say that serving additional time in a state correctional facility, rather than in the county jail, is not prejudicial, but we know of no requirement for a showing of prejudice under these circumstances.

Although a defendant is not entitled to duplicative credits for pre-sentence confinement, *People v. Etts,* 725 P.2d 73 (Colo. App.1986), he is, nevertheless, entitled to have his felony sentence imposed in accordance with the applicable sentencing statute. That can be accomplished here only by requiring a proper, albeit tardy, credit.

▮ Likewise, since the presentence report reflects that defendant had met the other requirements for a "good time" credit for the period of his presentence confinement, § 17–22.5–301, C.R.S. (1986 Repl. Vol. 8A) requires that the department of corrections recognize such credit. *People v. Chavez,* 659 P.2d 1381 (Colo.1983).

The order denying defendant's motion for postconviction relief is reversed, and the cause is remanded to the district court with directions to enter its order correcting

the sentence imposed upon defendant for his conviction of the crime of robbery by specifying that he is entitled to a credit of 224 days against that sentence and for a similar good time credit.

METZGER, J., concurs.

HUME, J., dissents.

HUME, Judge, dissenting.

I respectfully dissent.

In my view our supreme court's decision in *Castro v. District Court*, 656 P.2d 1283 (Colo.1982) does not require reversal under the facts presented here. In *Castro*, the court held that § 16–11–306, C.R.S. (1986 Repl.Vol. 8A) did not require that a defendant convicted for a misdemeanor offense be given credit for pre-sentence confinement on a county jail sentence. On the other hand, the court expressly declined to rule that a sentencing court was prohibited from allowing pre-sentence confinement credit against county jail sentences in the exercise of its discretion.

Here, defendant was convicted of one misdemeanor and one felony offense, and the court imposed consecutive sentences on the two convictions. Defendant does not claim on appeal that the court erred or abused its discretion either in imposing consecutive sentences for the two offenses, or in its determination of the place of his confinement.

If a county jail sentence and a state correctional sentence are imposed to run consecutively, the county jail sentence must be served in the county jail rather than the state correctional facility. *People v. Green*, 734 P.2d 616 (Colo.1987); *People v. Battle*, 742 P.2d 952 (Colo.App.1987). And, if consecutive sentences are imposed, credit for pre-sentence confinement need only be granted on one of the sentences to assure compliance with § 16–11–306. *Schubert v. People*, 698 P.2d 788 (Colo. 1985). A defendant is not entitled to duplicative credit for pre-sentence confinement. *People v. Etts*, 725 P.2d 73 (Colo.App.1986).

The supreme court's decision in *Castro, supra*, interpreted § 16–11–306 so as to mandate its application "only when *the sentence is* to be served in a state correctional facility." (emphasis added) In my view

that language requires credit to be given against a sentence to a state correctional facility *only* if a *state correctional sentence is the sole sentence imposed*. The trial court may exercise its discretion in granting full credit for pre-sentence confinement against either the county jail sentence or the state correctional facility sentence if such sentences are consecutively imposed.

Moreover, even if the trial court erred in granting the credit against the county jail sentence rather than the state correctional sentence, the error was harmless and does not require reversal. *See* Crim.P. 52(a). Defendant has not demonstrated that the asserted error affected any substantial right, or that he was prejudiced by the court's action. He was granted the full amount of pre-sentence confinement credit to which he might be entitled under the statute, and has received the benefit of that award. He should not be granted the windfall of duplicative credit under these circumstances.

I would affirm the order denying defendant's Crim.P. 35 motion.