No. 20,335.

ARCHIE LYLE VANDERHOOF *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(380 P. [2d] 903)

Decided April 22, 1963.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK

E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was charged in a criminal information with four counts of indecent liberties as defined in C.R.S. '53, 40-2-32. Upon agreement with the district attorney to withdraw the 1st, 3rd and 4th counts of the information — which was done — defendant entered a plea of guilty to the second count. Whereupon the procedures in 1960 Perm. Supp., C.R.S. 39-19-1, were initiated by the court, and defendant was sentenced pursuant to the latter statute, familiarly known as the sex offenders act, to not less than one day nor more than life in the state penitentiary.

On January 17, 1962, pursuant to the post conviction remedies provided in Rule 35 (b), Colorado Rules of Criminal procedure, Vanderhoof filed a petition in the district court to correct the judgment and sentence heretofore imposed upon him and prayed in his petition that he be sentenced pursuant to the penalty as provided in C.R.S. '53, 40-2-32, wherein it is stated that for conviction of the count in the information to which defendant entered his plea of guilty sentence shall be for a term of not more than ten years. The petition to correct the sentence and judgment was denied. Defendant filed a motion for new trial pursuant to Rule 33, Colorado Rules of Criminal Procedure, and that motion was denied. It is from denial by the court of the relief sought that plaintiff in error has sued out this writ of error.

The main contention of Vanderhoof in the trial court is that C.R.S. '53, 39-19-1, is unconstitutional. His contentions in this regard have already been answered by this court in a recent case of *Trueblood v. Tinsley,* 148

Colo. 503, 366 P. (2d) 655, decided December 26, 1961, wherein on the point urged here the court said:

" 'The application of the sex offenders act to petitioner is unlawful and resulted in a denial of the equal protection of the law.' The differential in sentences that may be imposed under the two acts furnishes the basis for this contention.

"Generally, statutes which prescribe different punishments for the same violations committed under the same circumstances by persons in like situations are void as violative of the equal protection of the laws. Equal treatment under the law is a right constitutionally afforded citizens.

"Statutes similar to the one under consideration have been held not repugnant to the equal protection provision. State v. Evans, 73 Idaho 50, 245 P. 2d 788; Minnesota ex rel, Pearson v. Probate Court, 309 U. S. 270, 60 S. Ct. 523, 84 L. Ed. 744, 126 A.L.R. 530. In these decisions it is recognized that the state has the right 'through its legislature, to classify persons * * * , based upon reasonable and natural distinctions, to accomplish the legitimate purposes of its police power,' in fixing the differing penalties. State v. Evans, supra [73 Idaho 50, 245 P. 2d 790]."

While agreeing with the right of the state through its legislature to classify persons and property based upon reasonable and natural distinctions to accomplish for legitimate purposes its police power, plaintiff in error contends that the classification is "unreasonable, arbitrary and capricious because the classification is determined by the discretion of the district court acting solely in its own opinion." With this contention we cannot agree. The classification is not determined by the trial court. The classification is set out in the act, and the trial court merely makes a finding of fact to determine whether or not defendant comes within the classification. This is not a violation of equal protection principles of the constitution.

There is another ground, however, upon which plaintiff in error is entitled to the relief sought. At the time of his arraignment the defendant was not advised by the court that one of the consequences of his plea might be the imposition of a life sentence as provided in the statute under which defendant is confined. The arraignment proceedings reveal that the following took place:

"The Court: All right. The order of the Court will be that the defendant is permitted to withdraw each and every plea heretofore entered to each and all counts. Therefore, he now stands with no plea entered on any count, and I will rearraign him on the second count.

"Will you acquiesce and concede the prior receipt of a copy of the information and a copy of the jury list?

"Mr. Dawkins: We do, your Honor.

"The Court: The charge in the second count is that on the 15th day of August, 1957, at the City and County of Denver, State of Colorado, Archie Lyle Vanderhoof, who was then and there a male person over the age of fourteen years, did unlawfully and feloniously entice, allure and persuade a child, namely, Karen Ann Hohing, who was then and there under the age of sixteen years, into a room or other place, for the purpose of taking immodest, improper, immoral and indecent liberties with the person of such child, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado.

"That is the charge in the second count. How do you wish to plead?

"The Defendant: Guilty.

"The Court: Now, before I can technically accept your plea, I have to advise you of your various constitutional rights and warn you as to possible consequences of your plea. Now, you are aware of your most basic right, namely, to be represented by counsel. I know that Mr. Dawkins has told you of your right to stand trial, your right to let a jury of twelve pass upon your guilt or innocence. You have the right to have witnesses who

would testify against you cross-examined and to compel the attendance of witnesses who would theoretically testify in your behalf.

Now, on your plea of guilty you subject yourself to the possibility of a sentence to the state penitentiary. In the words of the statute, it cannot be more than 14 years nor less than one.

"Knowing all these various things, do you still want to plead guilty?

"The Defendant: Yes, sir.

"The Court: The plea is accepted. Do you have witnesses here?"

■ While we have heretofore not had precisely the situation as presented here, the principle involved is very much the same as that enunciated in those cases holding that the provisions of the statute dealing with arraignment, advice of counsel, warning as to consequences of the plea, taking of evidence in mitigation and. aggravation, and pre-sentence investigation are mandatory and a prerequisite under due process. *Arrano v. People,* 24 Colo. 233, 49 Pac. 271; *Smith v. Best, Warden,* 115 Colo. 494, 176 P. (2d) 686; *Little v. People,* 138 Colo. 572, 335 P. (2d) 863.

■ If the prisoner is entitled to these preliminary safeguards, including warning as to the consequences of the plea, and is not told that he may be imprisoned for life, the life sentence would be void.

"* * * a failure to comply strictly with the statute does not affect the validity of the judgment but only the sentence, and in a proper case might require the remanding * * * and re-sentencing." *Little v. People,* supra.

He was advised that he could be sent to the penitentiary for not more than fourteen years and not less than one year. This warning was not in conformity with the statute (C.R.S. '53, 40-2-32) which provides no minimum and a maximum of ten years. We must therefore hold that the sentence on the plea of guilty cannot be more-

than the penalty provided in the statute, i.e., one day to ten years.

The judgment is reversed and the cause remanded to the trial court to vacate the sentence heretofore imposed and to re-sentence the defendant within the limits of one day to ten years, he to be given credit for time already served in the state penitentiary.

MR. JUSTICE MOORE dissents.

MR. JUSTICE SUTTON and MR. JUSTICE McWILLIAMS not participating.