APRIL TERM, 1973

No. 25298

The People of the State of Colorado v. Everett C. Nelson

No. 25284

The People of the State of Colorado v. George A. Blincoe
(510 P.2d 441)

Decided May 29, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiffs-appellees.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, Kenneth J. Russell, Deputy, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Appellant Nelson pleaded guilty to one count of a three count information, the other two being dismissed as a result of a plea bargain. He was sentenced to a term which included at its long end the maximum permitted by statute. Appellant Blincoe was charged with aggravated robbery and pleaded guilty to a lesser charge of simple robbery. He also received a sentence which included the maximum permitted by statute. Both appellants filed Crim. P. 35(b) motions, contending that they were entitled to credit for time spent in jail prior to conviction. Since the issues in both cases are essentially the same, we have consolidated them for purposes of this opinion.

We have in the past year decided several cases based on various fact situations dealing with credit to be allowed on

sentences for time spent in jail prior to sentence. It is perhaps time that we collate the general principles of law laid down in those opinions. The principle which is at the foundation of all the cases is that there is no constitutional right to credit for time spent in jail before sentence. *People v. Jones,* 176 Colo. 61 489 P.2d 596, 600; *Johnson v. Beto,* 383 F.2d 197 (5th Cir. 1967), *Burn v. Crouse,* 339 F.2d 883 (10th Cir. 1964). While we have recommended that trial courts follow Section 3.6 of the *American Bar Association Standard of Criminal Justice* relating to *Sentencing Alternatives and Procedures,* we have also cautioned that Section 3.6 yields to cases where disposition occurs as a result of a plea agreement.

■ It is true that we have required courts to resentence where they have stated that they will give credit for time spent in jail, but have failed to apply the credit on the maximum end of the sentence. Where, however, the sentencing judge states only that he is taking time spent into consideration and thereafter gives the maximum, it must be presumed that he acted properly; that is, that he took the time spent into consideration and determined, as he had the right to do, not to grant the credit.

Applying the principles stated above to the state of the record in each of the appellant's cases before us now, we conclude that neither case required a change in sentence.

The judgments are therefore affirmed.