## No. 26045

### The People of the State of Colorado v. William Morris Johnson
(523 P.2d 1403)

Decided July 1, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE LEE delivered the opinion of the Court.

William Morris Johnson appeals the denial of his motion for post-conviction review of sentence pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f).

Appellant was charged with aggravated robbery under C.R.S. 1963, 40-5-1(2)(b). On January 31, 1967, he entered a plea of guilty to simple robbery and on March 27, 1967, he was sentenced to serve a term in the state penitentiary of not less than seven nor more than fourteen years. No appeal was taken from this judgment of conviction.

■ On August 1, 1972, appellant filed his motion for post-conviction review of his sentence. The basis for relief was that section 40-4-301 of the Colorado Criminal Code, which became effective July 1, 1972, reclassified simple robbery as a class four felony and under section 40-1-105 reduced the penalty to not less than one nor more than ten years. The trial court denied his motion for post-conviction relief. We affirm.

This case is controlled by *People v. Herrera,* 183 Colo. 155, 516 P.2d 626, which declared section 40-1-510(1)(f) to be unconstitutional. Appellant's conviction became final on March 27, 1967, when the judgment of conviction was entered. Under *Herrera,* the trial court was without jurisdiction to grant post-conviction relief from the sentence imposed.

Appellant argues that *People v. Herrera, supra,* was decided erroneously. This argument was rejected in *People v. Rupert,* 185 Colo. 288, 523 P.2d 1406, announced contemporaneously herewith, wherein we reaffirmed the holding of *Herrera.*

■ In his motion for post-conviction relief, appellant also asked for credit for time served in presentence confinement. Neither rule nor statute required that the court grant a defendant credit for time served prior to sentencing, and it is clear that there is no constitutional right to credit for presentence confinement. *People v. Nelson,* 182 Colo. 1, 510 P.2d 441; *People v. Jones,* 176 Colo. 61, 489 P.2d 596. The record is silent as to whether the sentencing judge stated he was giving credit for time served in jail prior to sentencing. Under these circumstances, it must be presumed that he acted properly in imposing sentence upon appellant.

■ Appellant claims, however, that he is entitled to such credit under Colo. Sess. Laws 1972, ch. 44, 39-11-306(1) at 249, which requires the sentencing judge to take into consideration a defendant's presentence confinement. In 1973, the legislature added a provision that "[T]his section shall apply to persons sentenced both before and after July 1, 1972." Colo. Sess. Laws 1973, ch. 147, 39-11-306(4) at 506. To the extent that the statute and its amendment authorizes a court to alter or reduce, after a final conviction, a

defendant's sentence to reflect credit for presentence confinement, when such was not constitutionally or statutorily required at the time sentence was imposed, it falls within the principles announced in *People v. Herrera,* and is an unconstitutional infringement on the executive power of commutation. As heretofore noted, the sentence here imposed was a valid sentence and one not subject to correction as might otherwise have been required had it not complied with the principles set forth in *People v. Nelson, supra,* and *People v. Jones, supra.*

The judgment is affirmed.