No. C-836

**The People of the State of Colorado v. Robert Eugene Reed**

(549 P.2d 1086)

Decided May 10, 1976.                    Rehearing denied June 1, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Norman R. Mueller, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

■ The defendant-appellant was charged and convicted of assault with a deadly weapon on a police officer. 1967 Perm. Supp., C.R.S. 1963, 40-7-54. He was sentenced to a term of ten to fifteen years in the Colorado State Penitentiary, the maximum sentence permitted by the statute. He was not given credit by the trial judge for 157 days which he spent in presentence confinement. He did not make a timely application for the credit of jail time and was not entitled to relief under Crim. P. 35(a), since more than 120 days had elapsed before a motion was made for correction or change of sentence. *People v. Smith*, 189 Colo. 50, 536 P.2d 820 (1975). To avoid the time restrictions for the filing of a Crim. P. 35(a) motion, the defendant asserts a denial of his constitutional rights and claims that he is entitled to relief under Crim. P. 35(b).

■ We have said in a series of cases that there is no constitutional right to credit for presentence confinement in the absence of legislation, although we have asserted that it is the better practice to award credit for such confinement. *People v. Nelson*, 182 Colo. 1, 510 P.2d 441 (1973); *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971). In reviewing the sentence, the trial judge indicated that he had considered time spent in presentence confinement when he imposed the sentence.

■ Following our announcement in *People v. Jones, supra*, the General Assembly enacted section 16-11-306, C.R.S. 1973, which is a restatement of our pronouncements on presentence confinement and which provides, in pertinent part:

"*16-11-306. Sentencing - consideration of presentence confinement.* (1) In sentencing a defendant to imprisonment, the sentencing judge shall take into consideration that part of any presentence confinement which the defendant has undergone with respect to the transaction for which he

is to be sentenced.

"(2) The judge shall state in pronouncing sentence, and the judgment shall recite, that such consideration has been given, but no sentence shall be set aside or modified on review because of alleged failure to give such consideration unless the record clearly shows that the judge did not, in fact, consider the presentence confinement when imposing sentence.

"(3) If the maximum sentence imposed is longer than the statutory maximum for the offense less the amount of allowable presentence confinement, it shall be presumed that the judge did not consider the presentence confinement."

The record reflects that the trial judge considered the defendant's presentence confinement at the time he sentenced the defendant.

Accordingly, we affirm.