## No. 27072

### The People of the State of Colorado v. Rubel Martinez

(559 P.2d 228)

Decided January 31, 1977. Opinion modified and as modified rehearing denied February 14, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Carol L. Gerstl, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant, Rubel Martinez, was convicted on his plea of guilty of the offense of unlawful possession of a narcotic drug, heroin, in violation of C.R.S. 1963, 48-5-2,[1] and was sentenced to the state penitentiary for a term of not less than three nor more than five years. He claims that the trial court erred in failing to give him credit for 131 days of presentence confinement in the county jail. The record does not sustain his contention and we therefore affirm the judgment.

Defendant initially entered a plea of not guilty. He was permitted to withdraw his plea and to enter a plea of guilty on August 7, 1973. He waived presentence investigation and requested immediate sentencing, whereupon the trial court initially sentenced him to a term of not less than four nor more than five years in the Colorado State Penitentiary, such sentence to be served concurrently with a sentence he was presently serving in another case.

On September 26, 1973, defendant filed a motion for reconsideration of sentence under Crim.P. 35(a), contending that a reduction in the minimum portion of the sentence from four years to two and one-half years would permit him to participate in a drug rehabilitation program under the sentence imposed in the other case. On October 2, 1975, the trial court granted this motion in part and resentenced the defendant to a term of not less than three nor more than five years, to be served concurrently with the sentence imposed in the other case.

On March 14, 1975, defendant again petitioned the trial court and requested credit for the 131 days presentence confinement. The trial court denied this motion and this appeal was then taken.

Defendant argues that he was unable to post the required bail bond and therefore was required to remain in jail for 131 days prior to sentencing. He contends, therefore, that he was entitled to credit on his sentence for 131 days presentence confinement as a matter of constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution.

---

[1]Now section 12-22-302, C.R.S. 1973.

 Defendant recognizes that this court has held there is no constitutional right to receive credit for presentence confinement. *People v. Johnson*, 185 Colo. 285, 523 P.2d 1403; *People v. Nelson*, 182 Colo. 1, 510 P.2d 441; *People v. Coy*, 181 Colo. 393, 509 P.2d 1239; *People v. Scott*, 176 Colo. 86, 489 P.2d 198; *People v. Jones*, 176 Colo. 61, 489 P.2d 596. Defendant would have us retreat from this position, contending the trend of decisions in other states is to the contrary. We decline to do so.

 This court has by numerous decisions, and the legislature has by statute, section 16-11-306, C.R.S. 1973, required that the courts give consideration to presentence confinement during the sentencing process. However, neither decisional nor statutory law mandates that credit be given. *People v. Reed*, 190 Colo. 517, 549 P.2d 1086; *People v.Nelson*, 182 Colo. 1, 510 P.2d 441. Moreover, credit for presentence confinement must be presumed when the sentence imposed, plus the presentence confinement, does not exceed the maximum sentence. *Larkin v. People*, 177 Colo. 156, 493 P.2d 1. *See* section 16-11-306(3). Here, the authorized sentence for possession of a narcotic drug, to which defendant pled guilty, was not less than two nor more than fifteen years.

We find it unnecessary to discuss the procedural deficiencies pointed out by the People as additional reasons for denying defendant the relief he seeks.

The judgment is affirmed.