Robert Earl GODBOLD, Petitioner,

v.

William WILSON, Superintendent Centennial Correctional Facility, Respondent.

Civ. A. No. 81–K–859.

United States District Court, D. Colorado.

July 29, 1981.

**1266**

Harvey M. Palefsky, Deputy Public Defender, Grand Junction, Colo., for petitioner.

Mary E. Ricketson, Asst. Atty. Gen., Denver, Colo., for respondent.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Petitioner filed this habeas-corpus action under 28 U.S.C. § 2254. He argues that he is entitled to credit for the time that he spent in pre-sentence confinement. This court has jurisdiction under id. § 2241. I deny the writ.

Petitioner was arrested on June 29, 1979. On July 5 his bail was set at $5000. He did not post this bail, nor did he move to reduce it, nor did he seek release on his own recognizance. He was kept in confinement until trial. On October 11 he was found guilty of attempted felony theft, in violation of C.R.S. §§ 18–2–101, 18–4–401 (1978 Repl. Vol.), and third-degree assault, in violation of id. § 18–3–204. The maximum allowable sentence for the first offense is five years; the maximum for the second is two years. Id. §§ 18–1–105, 18–1–106. On December 20 petitioner was sentenced to 2–4 years for the attempted theft and concurrently to 12 months for the assault. The trial judge explicitly refused to give petitioner credit for the 174 days[1] of pre-sentence confinement when sentencing and reaffirmed this refusal on June 19, 1980 in denying a motion for correction of sentence under Colo. R.Crim.P. 35(c).[2]

Petitioner then filed an original mandamus action in the Colorado Supreme Court, seeking an order compelling the trial court to give credit for the pre-sentence confinement. On February 2, 1981 the court, in a 5–2 decision, discharged its previous rule to show cause and held that petitioner had no constitutional right to credit for the 174 days. *Godbold v. District Court*, Colo., 623 P.2d 862, 863–64 (1981). The court denied petitioner's request for rehearing three weeks later. Having exhausted all available state judicial remedies on this question,[3] petitioner then filed this habeas-corpus action.[4]

---

1. The 174 days of pre-sentence confinement consisted of 137 days in jail and 37 days in the Colorado State Hospital pursuant to a request for a determination of competency to proceed to trial. Respondent does not argue that I should distinguish between these two types of confinement.

2. The sentencing judge listed various misdeeds that petitioner had committed while in pre-sentence confinement as justification for denying credit. See *Godbold v. District Court*, Colo., 623 P.2d 862, 863 n.8 (1981).

3. Because of the definitive ruling by the Colorado Supreme Court, any collateral attacks in state courts on the pre-sentence confinement issue would obviously be futile and therefore are not required by 28 U.S.C. § 2254(c). See *Brown v. Allen*, 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953) (partially overruled on other grounds, *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Petitioner also did not seek direct certiorari review by the U. S. Supreme Court. This is not, however, required to exhaust fully state judicial remedies. *Fay v. Noia*, 372 U.S. 391, 435–38, 83 S.Ct. 822, 847–848, 9 L.Ed.2d 837 (1963) (partially overruled on other grounds, *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)) *Hurt v. Page*, 355 F.2d 169, 170 n.1 (10th Cir. 1966).

4. Petitioner failed to file a traverse within the time limits specified in my order of June 1, 1981. I therefore consider this petition in the absence of a traverse.

Respondent states that petitioner is currently on parole from the Colorado State Penitentiary and is serving a term of imprisonment in New

## I. CREDIT FOR PRE–SENTENCE CONFINEMENT

I must decide whether, under the facts presented, a sentencing judge is constitutionally required to give an indigent defendant credit for time served in pre-sentence confinement, where the total of the pre-sentence confinement and the sentence is still less than the maximum sentence allowed for the offense.[5]

Several Supreme Court cases articulate the constitutional rights of indigent criminal defendants. See, e. g., *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (indigent defendant's right to counsel at trial); *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (indigent defendant's right to counsel on first appeal); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (indigent defendant's right to transcript on appeal). In *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 20, 93 S.Ct. 1278, 1289, 36 L.Ed.2d 16 (1973), the Supreme Court stated the test for determining when a wealth-based classification impermissibly discriminates against a suspect class:

> The individuals, or groups of individuals, who constituted the class discriminated against in our prior cases shared two distinguishing characteristics: because of their impecunity they were completely unable to pay for some desired benefit, and as a consequence, they sustained an absolute deprivation of a meaningful opportunity to enjoy that benefit.

In *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), the state sought to confine the defendant for longer than the statutory maximum to make him

"work off" the fine that the sentencing judge had imposed along with the maximum sentence. The court found this to be unconstitutional, concluding,

> when the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary nonpayment of a fine or court costs we are confronted with an impermissible discrimination that rests on ability to pay.

*Id.* at 240–41, 90 S.Ct. at 2021–2022. The court reasoned,

> Since only a convicted person with access to funds can avoid the increased imprisonment, the Illinois statute in operative effect exposes only indigents to the risk of imprisonment beyond the statutory maximum. By making the maximum confinement contingent upon one's ability to pay, the State has visited different consequences on two categories of persons since the result is to make incarceration in excess of the statutory maximum applicable only to those without the requisite resources to satisfy the money portion of the judgment.

*Id.* at 242, 90 S.Ct. at 2023 (footnotes omitted). In *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), the court extended *Williams* to bar imprisonment of an indigent defendant who was unable to pay the fine for an offense that was punishable only by fine.

Petitioner argues that the reasoning of *Williams* and *Tate* should be applied to find unconstitutional the extra 174 days of confinement that were imposed here solely because of petitioner's indigency.[6] The Colo-

---

York. Because a person on parole is still subject to "conditions which significantly confine and restrain his freedom," this case is not moot and habeas corpus review is still available. *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963).

**5.** Courts have divided on whether to presume that a sentencing judge gave credit for pre-sentence confinement where the total of the pre-sentence confinement and the sentence is less than the maximum sentence for the offense and the record does not indicate whether the judge gave credit. Compare *Stapf v. United States*,

367 F.2d 326, 330 (D.C.Cir.1966) (presuming wherever possible that the sentencing judge gave credit), with *Johnson v. Prast*, 548 F.2d 699, 703 (7th Cir. 1977) (refusing to presume that the sentencing judge gave credit because of the important constitutional rights at stake). I do not need to decide this issue because the sentencing judge here explicitly refused to give credit.

**6.** The Colorado Supreme Court stated, "there is nothing in the record before us to indicate that Godbold was unable to make bail due to indigency." 623 P.2d at 863.

rado Supreme Court rejected this argument and instead followed its own precedent, *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971), in which it was said,

> Without legislation, credit for pre-sentence confinement is not a matter of right, since there is no constitutional right to credit.

*Id.* at 68, 489 P.2d at 600 (citations omitted).[7]

In *Jones* the defendant was sentenced to 3–5 years after pleading guilty to an offense that carried a maximum sentence of five years. Although the trial court asserted that it was giving the defendant credit for the three and a half months of pre-sentence confinement, the Colorado Supreme Court noted that this was mathematically impossible on the five-year sentence because the sentencing judge imposed the maximum statutory sentence. *Id.* at 71, 489 P.2d at 601. The court recommended that sentencing judges follow the "better practice" of explicitly giving a defendant credit for pre-sentence confinement against both the minimum and maximum terms, and then reversed and remanded the case for resentencing in accordance with this recommendation. *Id.* at 69–71, 489 P.2d at 600–01.[8]

Because the *Jones* statement on the constitutional right to credit for pre-sentence confinement was not relevant to the court's result, it was dictum. The Colorado Supreme Court, however, adopted that dictum without further enunciated consideration in several later cases. *Godbold v. District Court*, 623 P.2d at 864; *Perea v. District Court*, Colo., 604 P.2d 25, 26 (1979); *People v. Martinez*, 192 Colo. 388, 390, 559 P.2d 228, 229–30 (1977); *People v. Nelson*, 182 Colo. 1, 3, 510 P.2d 441, 442 (1973); *People v. Coy*, 181 Colo. 393, 394–95, 509 P.2d 1239, 1240 (1973). Because none of these cases contains any enunciated consideration of *Williams* or *Tate*,[9] it is necessary to engage in a more-detailed analysis here.

▮ Applying the *Rodriguez* test, I find that a defendant who is confined solely because of his indigency belongs to a class that is "completely unable to pay for some desired benefit," here the benefit of being free on bail pending trial. Such a defendant consequently "sustain[s] an absolute deprivation of a meaningful opportunity to enjoy that benefit." While the state may confine a defendant unable to make bail even though a similarly situated non-indigent would be allowed to be free pending trial, the state argues that it may do more here: confine a convicted indigent for a longer total period solely because of his indigency.[10] The facts here differ from

Respondent argues, "Since petitioner was charged with attempted felony theft and first-degree assault, it cannot be concluded 'that indigency was the sole reason for his presentence confinement,'" citing the Colorado Supreme Court opinion, 623 P.2d at 863 n.9. A reading of the entire footnote reveals that respondent has pulled the quotation totally out of context. It states:

> In *Stack v. Boyle*, 342 U.S. 1, [72 S.Ct. 1, 96 L.Ed. 3] (1951), the United States Supreme Court stated: "The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty." *Id.* at 4, [72 S.Ct. at 3]. In those cases where the facts warrant that bail be set in a high amount in order to insure the defendant's presence at trial, it cannot be said that indigency is the sole reason for presentence confinement. In those cases, the amount of bail may be such that even a "man of means" cannot or will not post the required bond.

I consider petitioner's alleged indigency in more detail later in this opinion.

7. The *Jones* statement is followed only by a citation of four pre-*Williams*, lower-court decisions.

8. The existence of a plea agreement was apparently an additional factor in *Jones*. See 176 Colo. at 69–70, 489 P.2d at 600–01.

9. Only the *Jones* and *Godbold* opinions even cite *Williams* and *Tate*, and those citations are only in the summary of defendants' arguments.

10. In *Bell v. Wolfish*, 441 U.S. 520, 560–61, 99 S.Ct. 1861, 1885–1886, 60 L.Ed.2d 447 (1979), the court held that pre-trial confinement accompanied by significant security restrictions did not "constitute 'punishment' in violation of the rights of pretrial detainees under the Due Process Clause of the Fifth Amendment" (footnote omitted). I find that pre-trial confinement solely because of indigency, followed by a conviction, is punishment demanding recognition

those in *Williams* and *Tate* because the defendant is not to be confined longer than the statutory maximum. The consequences to the defendant are the same, however: "the indigent is forced to serve a longer term in prison than the non-indigent solely because of his poverty." See *Godbold v. District Court*, 623 P.2d at 866 (Quinn, J., dissenting).

The only argument that the state asserts to justify refusing credit for pre-sentence confinement is that the sentencing judge properly punished petitioner for various misdeeds that he committed while in pre-sentence confinement. See note 2 *supra*. I find that this is insufficient justification for the state's action. If petitioner violated the law then the state could have instituted criminal proceedings and for non-criminal acts the jail could have instituted disciplinary procedures. See *id.* at 867 (Quinn, J., dissenting). Because these less-burdensome alternatives are available, the state may not confine an indigent defendant for an extra 174 days without holding any trial on the alleged misconduct.

Several other opinions support my conclusion on pre-sentence confinement. U. S. Courts of Appeals for five different circuits have ruled on the pre-sentence confinement question since the *Williams* and *Tate* decisions.[11] Four of these circuits held that there is a constitutional right to credit for pre-sentence confinement, even where the total time is below the maximum penalty for the offense. *Johnson v. Prast*, 548 F.2d 699, 702 (7th Cir. 1977); *King v. Wyrick*, 516 F.2d 321, 325 (8th Cir. 1975); *Ham v. North Carolina*, 471 F.2d 406, 408 (4th Cir. 1973); *United States v. Gaines*, 449 F.2d 143 (2nd Cir. 1971) (per curiam).[12] In contrast, only one circuit has held that there is no constitutional right to credit for pre-sentence confinement where the total confinement is less than the maximum allowed. *Matthews v. Dees*, 579 F.2d 929, 931 (5th Cir. 1978).

A sentencing judge who wants to may circumvent an indigent defendant's constitutional right to credit for pre-sentence confinement by imposing a correspondingly longer sentence before giving credit. I find that it is still mandatory that the sentencing judge explicitly credit such a defendant for pre-sentence confinement. Otherwise, there is a serious danger that the constitutional right will become completely illusory.[13] See *Johnson v. Prast*, 548 F.2d 699, 703 (7th Cir. 1977).

## II. DISPOSITION OF THIS PETITION

 In a habeas-corpus action the burden is on the petitioner to show that he is being unlawfully or unconstitutionally detained. *Eagles v. United States ex rel. Samuels*, 329 U.S. 304, 314–15, 67 S.Ct. 313, 318–319, 91 L.Ed. 308 (1946); *Hawk v. Ol-*

---

under the Equal Protection Clause of the Fourteenth Amendment.

11. In *Burns v. Crouse*, 339 F.2d 883 (10th Cir. 1964) (per curiam), *cert. denied*, 380 U.S. 925, 85 S.Ct. 930, 13 L.Ed.2d 811 (1965), the Tenth Circuit held that a claim for credit for pre-sentence confinement "raises no federal issue cognizable under habeas corpus," citing no cases. Because of the subsequent *Williams* and *Tate* decisions, this case is no longer precedent.

12. For a list of other cases finding a constitutional right to pre-sentence credit, see *Godbold v. District Court*, 623 P.2d at 866 (Quinn, J., dissenting).

13. The Colorado Legislature has removed this danger in future cases by amending C.R.S. § 16–11–306 (1980 Supp.) to require explicitly the department of corrections to give credit for pre-sentence confinement. Petitioner was arrested on June 29, 1979, two days before the effective date of this amendment. See 1979 Colo.Sess. Laws, ch. 157.

Petitioner argues that the amendment's non-retroactive effect creates an unconstitutional classification. In support of this argument, he cites two federal cases, *Ham v. North Carolina*, 471 F.2d 406, 408 (4th Cir. 1973), and *Mott v. Dail*, 337 F.Supp. 731, 732 (E.D.N.C.1972), *dismissed mem.*, 473 F.2d 908 (4th Cir. 1973), and several state cases. I decline to adopt this approach because the law does not make any of the normally suspect classifications. I therefore do not consider the constitutionality of the Colorado Supreme Court's holding in *People v. Johnson*, 185 Colo. 285, 523 P.2d 1403 (1974), followed in *Godbold v. District Court*, 623 P.2d at 864–65, that retroactive application of a sentencing statute infringes on the executive power of commutation, *Colo.Const.*, art. IV § 7, in violation of separation of powers, *id.*, art. III.

*son,* 326 U.S. 271, 279, 66 S.Ct. 116, 120, 90 L.Ed. 61 (1945).[14] In order to succeed, petitioner in this case must therefore prove that his pre-trial confinement was imposed solely because of his indigency. Otherwise the state's action was not wealth-based discrimination.[15] I find that petitioner has failed to meet this burden both here and in the state trial court.

■ Petitioner argues that his representation by the state public defender throughout this case is sufficient evidence of his indigency.[16] Absent any conclusive judicial findings that petitioner was confined before sentencing solely because of his indigency,[17] I find that mere representation by the public defender is not sufficient evidence of indigency.[18] The record before me contains no evidence particularizing petitioner's financial status. There is no evidence that petitioner moved for reduction of bail or release on his own recognizance, as Colo. Rule Crim.P. 46(a)(6) authorizes. Finally, there is no evidence that petitioner attempted to post bail and failed solely because of his indigency. Because there are many reasons why a defendant might not post bail,[19] I cannot conclude that petitioner was held in pre-sentence confinement solely because of his indigency.[20]

■ I also decline to utilize the fact-finding procedures that are available for me to determine petitioner's alleged indigency during pre-sentence confinement. See, e. g., 28 U.S.C. §§ 2246, 2254(d). First, the matter is of such pivotal importance that I doubt the petitioner could satisfy the requirement that he exhaust his state remedies before seeking relief in federal court. Second, if I were to allow petitioner to present evidence here that could have been presented to the state trial judge, I would encourage defense lawyers to engage in "sandbagging": saving constitutional claims for federal court in the event that the state court rules unfavorably on the state-law issues. See *Wainwright v. Sykes,* 433 U.S. 72, 89, 97 S.Ct. 2497, 2507, 53 L.Ed.2d 594 (1977). Because the initial state-court trial should be the "decisive and portentous event," see *id.* at 90, 97 S.Ct. at 2508, I decline to hear evidence that could have been, but was not, offered there. Absent a showing of "cause" for failing to introduce evidence of petitioner's alleged indigency at the state-court sentencing hearing, petitioner will not be allowed to introduce the evidence here. See *Francis v. Henderson,* 425 U.S. 536, 542, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1976). To do otherwise would deny the trial judge a decent

**14.** Cf. 28 U.S.C. § 2254(d) ("the burden shall rest upon the [petitioner] to establish by convincing evidence that the factual determination by the State court was erroneous"). Because there was no state-court finding on petitioner's alleged indigency, this section does not apply here.

**15.** In both *Tate* and *Williams* the state conceded that the defendant was unable to pay the fines solely because of his indigency. 401 U.S. at 396 n.1, 91 S.Ct. at 669 n.1; 399 U.S. at 237, 90 S.Ct. at 2020. Respondent has not made such a concession in this case.

**16.** C.R.S. § 21–1–103(1) directs the state public defender *to represent indigent defendants upon* the defendant's request or the court's order.

**17.** *Id.* § 21–1–103(3) allows the state public defender to make the initial determination of indigency, subject to judicial review.

**18.** For the opposite conclusion, see 623 P.2d at 865 n.2 (Quinn, J., dissenting) ("there is only one reasonable inference: the cause of the petitioner's presentence confinement was his indi-

gency"). In the change-of-sentence hearing before the state trial judge, petitioner's counsel asserted that petitioner was confined solely because of his indigency and the state did not challenge this assertion. I find that an uncontradicted assertion will not suffice when conclusive evidence is required. Further, it is almost commonplace for indigents to obtain the services of a public defender and still have friends and relatives post his bail. One may be indigent for one purpose and not for another.

**19.** These include: fear for his safety while out on bail, fear that authorities from another state will extradite him, and the hope for better treatment in plea bargaining.

**20.** Contra, *United States v. Gaines,* 449 F.2d 143 (2nd Cir. 1971) (per curiam) (presuming defendant was indigent, absent contrary evidence). See also *Ham v. North Carolina,* 471 F.2d 406, 408 (4th Cir. 1973) (oath of indigency on appeal sufficient to support a presumption of indigency during pre-sentence confinement).

opportunity to perform the duties of his office in an effective and intelligent manner. He should not be required to divine the reasons of the petitioner anymore than a reviewing court should be permitted to second-guess his determinations of fact. It is

ORDERED that the petition for writ of habeas corpus is denied. This civil action is hereby dismissed. Each party to bear his own costs.