**David Earle JOHNSON, Petitioner,**

v.

**Chase RIVELAND, Respondent.**

**Civ. A. No. 85–C–151.**

United States District Court,
D. Colorado.

Nov. 4, 1985.

William Durland, Denver, Colo., for petitioner.

John Dailey, Denver, Colo., for respondent.

## ORDER

CARRIGAN, District Judge.

David Earle Johnson filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (1982). By Special Order of Reference dated February 22, 1985, I referred the case to a United States Magistrate. On August 23, 1985, he issued an opinion recommending that the petition be dismissed. Petitioner has filed an objection to the recommendation, which I have carefully reviewed. For the reasons stated below, I decline to adopt the Magistrate's recommendation.

The facts, as found by the Magistrate, are as follows. On July 17, 1974, the petitioner was found guilty by a Colorado state district court of three counts of aggravated robbery. He was sentenced to three consecutive terms of not less than thirteen years and not more than forty years. The petitioner had been incarcerated for 463 days. Prior to sentencing the mittimus did not provide for crediting the pre-sentence confinement against either the minimum or the maximum sentence. In 1980, the Governor commuted the petitioner's minimum sentence by two years, and in 1982 he reduced the time required for his parole eligibility by six years. Despite the commutations, the maximum sentence remains, undiminished by any credit for the 463 days of pre-sentence confinement.

Petitioner filed a state court Rule 35(c) motion requesting that the time of his pre-sentence confinement be credited against both the minimum and maximum sentences. The state court judge granted the motion, and ordered that credit be given for pre-sentence time served to reduce both the minimum and maximum sentences.

The Colorado Department of Corrections on its records gave credit for the pre-sentence time against the maximum sentence but refused to do so as against the minimum sentence. Petitioner then sought a Writ of Mandamus, which was issued by a second state court judge. The Writ ordered the Department of Corrections to give credit against the minimum sentence. On appeal, however, the Colorado Court of Appeals reversed, holding that the state's trial court judges have no jurisdiction to modify a sentence after it has been commuted by the Governor. The appellate court reasoned that in effect, the petitioner was asking the courts to modify the Governor's commutation order, and held that a state court simply has no authority to do so. A petition for certiorari was denied by the Colorado Supreme Court on December 12, 1984.

Petitioner here argues that he is constitutionally entitled to credit for his pre-sentence confinement to reduce both the minimum and maximum terms. In *Godbold v. Wilson,* 518 F.Supp. 1265 (D.Colo.1981), Judge Kane of this court held that there is a constitutional right to credit for pre-sentence confinement, even where the total time to be served by the defendant without the credit is below the maximum penalty for the offense. *Id.* at 1269. *Cf. Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Judge Kane reasoned that failure to give a prisoner credit for such time served violates equal protection because it impermissibly discriminates against a suspect class, those with insufficient funds to make bail. *See also Johnson v. Prast,* 548 F.2d 699 (7th Cir.1977); *King v. Wyrick,* 516 F.2d 321 (8th Cir.1975); *Ham v. North Carolina,* 471 F.2d 406 (4th Cir.1973); *United States v. Gaines,* 449 F.2d 143 (2d Cir.1971). *Contra, Matthews v. Dees,* 579 F.2d 929 (5th Cir.1978).

The Magistrate concluded that *Godbold* and the cases cited there apply only to pre-sentence time credit against a maximum sentence. I disagree. There is no indication in any of these opinions that a defendant has a constitutional right to credit on the maximum sentence for pre-sentence time served but not on the minimum sentence. Failure to give credit in itself is the constitutional violation. There is no reason to distinguish between minimum and maximum sentences under the equal protection clause.

Accordingly, it is ordered that the defendant credit the petitioner on both his minimum and his maximum sentences for time in confinement before sentencing on the three counts of aggravated robbery. Alternatively, the defendant shall appear personally in this court and produce the petitioner's body for a hearing on November 14, 1985 at 10:45 a.m. to show cause why the defendant should not be released or provided with other appropriate relief.